IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE No. 3:97-CR-00147-JO |
| v. | ) OPINION AND ORDER |
| VICTOR LUNA-FERNANDEZ | ) |
| Defendant. | ) |

**JONES, Judge:**

Defendant, Victor Luna-Fernandez ("Luna-Fernandez"), filed a motion under 18 U.S.C. § 3582(c)(2) seeking a two-level reduction of his sentence based on United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 782. The United States opposed this motion, arguing that under Amendment 782, Luna-Fernandez is not eligible for the reduction because the application of the revised guidelines does not reduce his Sentencing Guidelines range. For the reasons that follow, Luna-Fernandez's motion is DENIED.

**STANDARD**

**A. Sentence Reduction Under 18 U.S.C. § 3582**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the "'modif[ication of] a term of imprisonment' by giving courts the power

-1-OPINION & ORDER

to reduce an otherwise final sentence in circumstances specified by the Commission") (alteration in original). This authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

Congress gave the Sentencing Commission a "substantial role . . . with respect to sentence-modification proceedings." *Dillon*, 560 U.S. at 826. Congress charged the Sentencing Commission "both with deciding whether to amend the Guidelines, and with determining whether and to what extent an amendment will be retroactive." *Dillon*, 560 U.S. at 826 (citation omitted); *see also* 28 U.S.C. § 994(u) ("If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."). Thus, courts are "constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'" *Dillon*, 560 U.S. at 826 (quoting 28 U.S.C. § 994(u)).

In § 3582(c), Congress specifically required that any sentence modification be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A)(ii), 3582(c)(2); *see also Dillon*, 560 U.S. at 821 ("Any reduction [pursuant to § 3582(c)(2)] must be consistent with applicable policy statements issued by the Sentencing Commission."). The policy statement governing sentencing modifications after a retroactive amendment to the Guidelines instructs courts not to reduce a term of imprisonment if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. Manual § 1B1.10(a)(2)(B). This circumscribed inquiry [under § 3582(c)(2)] is not to be treated as a 'plenary resentencing proceedings.'" *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon*, 560 U.S. at 826). The appropriate use of sentence-modification

under § 3582(c)(2) "'is to adjust a sentence in light of a Guidelines amendment,' so courts may not use such proceedings to 'reconsider [] a sentence based on factors unrelated to a retroactive Guidelines amendment.'" *Navarro*, 800 F.3d at 1110 (quoting *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011)).

## BACKGROUND

On September 25, 1997, Luna-Fernandez pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On November 20, 1997, the Court found Luna-Fernandez accountable for 262.8 grams of actual methamphetamine. The Guideline base offense level was 32 (100–300 grams of actual methamphetamine), with a criminal history category of I, resulting in an advisory guideline range (before departures) of 121–151 months. Luna-Fernandez received a three-level reduction for acceptance of responsibility, a two-level reduction for application of the "safety valve," and a one-level departure for Luna-Fernandez's effort to cooperate. Luna-Fernandez's adjusted offense level was 26, resulting in a sentencing range of 63–78 months. The court imposed a sentence of 65 months imprisonment. On September 4, 2012, Luna-Fernandez received an additional 8 months sentence, to be served consecutively, after failing to self-surrender to the 1997 conviction.

The Guidelines offense level was amended in 2000. Under the 2000 amendment, 150–500 grams of methamphetamine resulted in an offense level of 34.

## DISCUSSION

Luna-Fernandez argues that, in determining an amended guideline range under § 1B1.10, the Court must consider the date of Luna-Fernandez's original sentencing, which would be 1997, and disregard the 2000 amendment to § 2D.1 that increased the base offense level to 34. The government conversely responds that the 2000 amendment to the U.S.S.G. in fact does apply. Pursuant to that argument, the government calculates Luna-Fernandez's adjusted offense levels as follows: under the 2000 amendment, 150–500 grams of actual methamphetamine resulted in

-3-OPINION & ORDER

an offense level of 34 and the 2014 Amendment 782 reduced that by two levels, to level 32. Thus, the government concludes that Luna-Fernandez's adjusted offense level is precisely the same under Amendment 782 as the base offense level under which he was sentenced in 1997, and therefore, is entitled to no relief.

### A. Whether the revised § 2D.1 guidelines apply to Luna-Fernandez's post-Amendment 782 Guideline calculations

The current version of § 1B1.10(b)(1) expressly states, "[T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect *at the time the defendant was sentenced.*" § 1B1.10(b)(1) (2011) (emphasis added). The Ninth Circuit consistently interprets that § 1B1.10(b)(1) requires the district court to apply the Guidelines in effect on the date the defendant is sentenced, unless doing so would pose an *ex post facto* problem. *See U.S. v. Salem*, 282 Fed. Appx. 590, 591 (9th Cir. 2008); *U.S. v. Alfaro*, 336. F.3d 876, 881 (9th Cir. 2003).

Here, the government presents no allegation that applying the base offense level in effect in 1997 creates an *ex post facto* violation, and accordingly, I find no reason to depart from the well-established interpretation of § 1B1.10(b)(1). Thus, I find that the § 2D.1 guidelines as amended in 2000 do not apply to Luna-Fernandez's amended guideline range and, therefore, the amended guideline range under Amendment 782 should be determined using the base offense level of 32 that was in effect in 1997.

### B. Whether the application of Amendment 782 results in a lower sentencing range

Although Luna-Fernandez is correct that the amended guideline range should be calculated based on the time of the original sentencing and exclude consideration of the § 2D.1

guidelines amended thereafter, he erroneously alleges that Amendment 782 has the effect of lowering his sentence.

In deciding a motion under § 3582(c)(2), a court must follow a two-step process. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. This requires determining the amended guideline range, which is the range that would have been applicable to the defendant if the amendment had been in effect at the time of the defendant's original sentencing. *Dillon*, 560 U.S. at 827; *see also* § 1B1.10(b)(1). In making this determination, courts are to substitute only the new amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" § 1B1.10(b)(1) (emphasis added); *see also Dillon*, 860 U.S. at 827.

The Sentencing Commission further limits application of a retroactive Guidelines amendment by instructing that a court cannot reduce a sentence "to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," with the exception of making a reduction that is comparable to what was made at the time of original sentencing as a result of "a government motion to reflect the defendant's substantial assistance to authorities . . . ." § 1B1.10(b)(2); *see also Dillon*, 560 U.S. at 827 (discussing a previous version § 1B1.10(b)(2) that allowed a court to apply comparable departures and variances as were applied at the original sentencing and noting this instruction was "[c]onsistent with the limited nature of § 3582(c)(2) proceedings"). Step two of the § 3582(c) inquiry is to consider any applicable § 3553(a) factors and determine, in the discretion of the Court, whether

-5-OPINION & ORDER

any reduction authorized by the Guidelines amendment is warranted in whole or in part. *See Dillon*, 560 U.S. at 827; 18 U.S.C. § 3582(c)(1)(A).

In this case, the first step of deciding a motion under § 3582(c)(2) requires the Court to determine Luna-Fernandez's amended guideline range. To calculate the amended guideline range based on USSG Amendment 782, the Court considers Luna-Fernandez's base offense level of 32, with a criminal history category I, as was imposed in 1997. The two-level reduction under Amendment 782 creates an amended offense level of 30. In considering a criminal history category I, Luna-Fernandez's amended guideline range is 97–121 months. In further calculating the amended guideline range pursuant to § 1B1.10(b)(1), the Court shall leave all other guideline decisions unaffected. *See Dillon*, 860 U.S. at 827.

This District previously held that "all other guideline decisions" do not include previously imposed variances and non-cooperation departures. *See United States. v. Lopez-Prado*, 3:10-cr-00510-JO-3, at *11 (D. Or. 2016) (concluding that variances and departures are not guideline application decisions under § 1B1.10(b)(1), based on review of the text and commentary of the current and previous version of § 1B1.10, other circuits' decisions on the matter, and the Ninth Circuit's opinion on an analogous issue); *see also United States v. Aguilar-Sahagun*, No. 3:10-CR-00411-BR, 2016 WL 520954, at *3 (D. Or. 2016); *United States v. Guzman*, 3:12-cr-291-SI, at *19 (D. Or. 2015). Although these prior District Court decisions are not binding, I find the reasoning to be persuasive. Therefore, I find that Luna-Fernandez's previously received three-level reduction for acceptance of responsibility and two-level reduction for application of the "safety valve" do not apply, maintaining an amended guideline range of 97–121 months.

At step two of the § 3582(c)(2) analysis, a court cannot reduce a sentence "to a term that is less than the minimum of the amended guideline range," with the exception of making a reduction that is comparable to what was made at the time of original sentencing as a result of "a government motion to reflect the defendant's substantial assistance to authorities . . . ." § 1B1.10(b)(2). Here, Luna-Fernandez received a one-level departure for his efforts to cooperate. In consideration of the aforementioned exception, a further reduction as comparable to this one-level departure for substantial assistance would be equivalent to an amended offense level of 29, with a criminal history category I, resulting in a sentencing guideline range of 87–108 months.

Luna-Fernandez's sentence of 65 months is already below the minimum of the amended guideline range, less the reduction to reflect his substantial assistance to authorities. Thus, the Guidelines Amendment 782 does not authorize any further reduction in sentence.

## CONCLUSION

Luna-Fernandez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

DATED this 4th day of April 2016.

Robert E. Jones
United States District Judge

-7-OPINION & ORDER